UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| YVONNE BURNETTE,<br><br>　　　Plaintiff,<br><br>v.<br><br>MICHIGAN LEGACY CREDIT UNION,<br><br>　　　Defendant. | Case No. 22-11682<br>Honorable Laurie J. Michelson<br>Magistrate Judge Curtis Ivy, Jr. |

**ORDER ADOPTING REPORT AND RECOMMENDATION [22] AND DISMISSING CASE FOR FAILURE TO PROSECUTE**

　　　Yvonne Burnette alleged that Michigan Legacy Credit Union erroneously reported a past due balance on her Experian credit report, which led to her being denied a mortgage. (ECF No. 1, PageID.2.) Thus, she brought this pro se lawsuit under the Fair Credit Reporting Act and the Fair Debt Collection Practices Act. This Court referred the case to Magistrate Judge Curtis Ivy, Jr. in short order.

　　　Since filing the complaint almost a year ago, Burnette has done little to move this case forward. Burnette requested a clerk's entry of default against Michigan Legacy (ECF No. 14), which was subsequently set aside by Magistrate Judge Ivy after he determined that Burnette had not properly served the entity (ECF No. 20, PageID.59). Magistrate Judge Ivy directed Burnette to provide "information sufficient for service to be effectuated" on Michigan Legacy. (ECF No. 20, PageID.59.) He further advised Burnette that if service could not be completed, he would

recommend the action be dismissed under Federal Rules of Civil Procedure 4(m) and 41(b).

Burnette apparently never filed any information to serve Michigan Legacy. So on March 14, 2023, Magistrate Judge Ivy ordered Burnette to show cause as to why the case should not be dismissed for her failure to respond to the Court's order. (ECF No. 21, PageID.63.) Receiving no response to this order either, Magistrate Judge Ivy recommended the Court dismiss the case. (ECF No. 22, PageID.70.)

At the conclusion of the May 10, 2023 Report and Recommendation, Magistrate Judge Ivy notified the parties that they were required to file any objections within fourteen days of service, as provided in Federal Rule of Civil Procedure 72(b)(2) and Eastern District of Michigan Local Rule 72.1(d), and that "[f]ailure to file specific objections constitutes a waiver of any further right of appeal." (ECF No. 22, PageID.70.) Under Federal Rule of Civil Procedure 6(d), since Burnette was served via mail, three days are added to the objection period. In all, waiting the 17-day objection period, it has now been over 21 days since the Report was served on the parties. No objections have been filed.

The Court finds that the parties' failure to object is a procedural default, waiving review of the Magistrate Judge's findings by this Court. In *United States v. Walters*, 638 F.2d 947, 949–50 (6th Cir. 1981), the Sixth Circuit established a rule of procedural default, holding that "a party shall file objections with the district court or else waive right to appeal." And in *Thomas v. Arn*, 474 U.S. 140, 144 (1985), the Supreme Court explained that the Sixth Circuit's waiver-of-appellate-review rule

rested on the assumption "that the failure to object may constitute a procedural default waiving review even at the district court level." 474 U.S. at 149; *see also Garrison v. Equifax Info. Servs., LLC*, No. 10-13990, 2012 WL 1278044, at *8 (E.D. Mich. Apr. 16, 2012) ("The Court is not obligated to review the portions of the report to which no objection was made." (citing *Thomas*, 474 U.S. at 149–52)). The Supreme Court further held that this rule violates neither the Federal Magistrates Act nor the Federal Constitution.

The Court therefore finds that the parties have waived further review of the Magistrate Judge's Report and accepts the recommended disposition. (ECF No. 22.) It follows that Burnette's case is DISMISSED for failure to prosecute. A separate judgment will follow.

SO ORDERED.

Dated: June 5, 2023

                                        s/Laurie J. Michelson
                                        LAURIE J. MICHELSON
                                        UNITED STATES DISTRICT JUDGE